OPINION
{¶ 1} Defendant-appellant Kevin Perry [hereinafter appellant] appeals from the May 25, 2004, Judgment Entry of the Richland County Court of Common Pleas which re-sentenced appellant upon remand by this Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Kevin Perry was indicted on three counts of rape, in violation of R.C 2907.02(A)(1)(b). The indictment arose from allegations that appellant had repeated sexual intercourse, fellatio, and cunnilingus with a 12 year old victim over a period of six months.
 {¶ 3} On June 6, 2001, appellant entered a plea of guilty to two counts of rape and an amended count of attempted rape. The plea was made pursuant to a plea agreement wherein in exchange for appellant's guilty pleas, the State would recommend a sentence of five years in prison on each count of rape, to be served consecutively, and five years of community control on the count of attempted rape, to begin upon appellant's release from prison. The trial court accepted appellant's plea and found appellant guilty. The trial court proceeded to sentence appellant, imposing the sentence recommended by the State.
 {¶ 4} Appellant appealed his sentence. Upon review, this Court reversed the trial court's judgment in regard to appellant's sentence, finding that the trial court failed to make the findings required by R.C. 2929.14 and R.C. 2929.19. The sentence was vacated and the case was remanded for re-sentencing.
 {¶ 5} Upon remand, the trial court held a re-sentencing hearing on June 27, 2002. At the re-sentencing hearing, the trial court received arguments and oral statements of the victim and her parents. Subsequent to the hearing, on July 22, 2002, the trial court issued a Re-Sentencing Entry in which it re-sentenced appellant to a six year term of imprisonment on each count of rape, to be served consecutively. As to the count of attempted rape, appellant was sentenced to five years of community control, to begin when he is released from prison.
 {¶ 6} Appellant appealed from this sentence. Upon review, this Court reversed the trial court's decision in regard to the sentence. This Court found that the trial court erred when it imposed a higher sentence upon remand when the trial court relied upon no new facts, conduct or events to justify an increase in the sentence. The sentence was vacated and the case was remanded for re-sentencing.
 {¶ 7} Upon remand, the trial court held a re-sentencing hearing on May 24, 2004. At that re-sentencing hearing, appellant was re-sentenced to the original sentence of five years on each count of rape, to be served consecutively, and five years of community control on the count of attempted rape, to begin upon release from prison. A corresponding Re-Sentencing Entry was filed on May 25, 2004.
 {¶ 8} It is from the May 25, 2004, Re-Sentencing Entry that appellant appeals, raising the following assignment of error:
 {¶ 9} "The trial court's sentence is contrary to law and the trial court commited prejudicial error and abused its discretion in resentencing appellant without making the necessary findings required by O.R.C. 2929.14(e) and O.R.C. 2929.19(b)."
 {¶ 10} In the sole assignment of error, appellant contends that the trial court's imposition of consecutive sentences is contrary to law and in error because the trial court failed to make the findings required by R.C. 2929.14(E)(4) and failed to state reasons to support such a finding, as required by R.C. 2929.19(B)(2). Appellant states that he presumes that the trial court failed to do so because the facts of the case do not support the consecutive sentence. Upon review, we find no grounds for reversal.
 {¶ 11} Appellant is correct when he asserts that R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) require a sentencing court to make certain findings and state its reasons when imposing consecutive sentences. However, we find that appellant waived these issues in part.
 {¶ 12} In this case, the trial court re-sentenced appellant and then had the following colloquy with appellant's counsel:
 {¶ 13} "THE COURT: Did you have any questions about your sentence? Mr. Debacco [appellant's counsel], did you have any questions or clarifications you needed about the sentence?
 {¶ 14} "MR. DEBACCO: No questions, Your Honor, other than for the record to reflect that we intended to preserve our argument with respect to consecutive sentences. Thank you, Your Honor.
 {¶ 15} "THE COURT: Okay. In what way do you think I have fallen short in justifying the consecutive sentence?
 {¶ 16} "MR. DEBACCO: Only in the record, Your Honor. It's not on you, Your Honor. It's on the record. I believe that the record does not adequately demonstrate the threat that he poses to the public and to the community, and to the harm, the unusual nature of harm that may have been caused to the victim in this case.
 . . . {¶ 17} "THE COURT: Again, what I did, I think, was recite in my decision why I thought the harm here was great or unusual. And I think most of that was in the pre-sentence investigation or in some form or other before the Court." Transcript of Proceedings, pgs. 7 — 8.
 {¶ 18} Under the unusual circumstance of this case whereupon a trial court is imposing sentence upon a second remand for re-sentencing and the trial court asks appellant's counsel to inform the court as to how the court may have failed to justify the sentence, we find appellant's counsel waived any error in sentencing beyond the error asserted by defense counsel at that time. The only issue raised by appellant's counsel in response to the trial judge's question was that the record did not adequately demonstrate the threat appellant posed to the public and community nor the unusual nature of harm caused by appellant to the victim. Under these circumstances, we find those are the only issues which were preserved for appeal. See R.C. 2929.14(E)(4)(b).
 {¶ 19} In this case, the record shows that appellant committed multiple acts of sexual intercourse, fellatio, cunnilingus with a 12 year old victim over a six month period. The sexual acts occurred two to three times a week during that period. At the time of these offenses, appellant was more than ten years older than the victim, being 26 years of age. Appellant showed a lack of remorse by blaming the victim. Further, the record shows that appellant's conduct violated the trust of his family members. These acts were committed when appellant was permitted by relatives to move into their home while appellant was getting a divorce and had nowhere else to stay. While there, appellant molested and raped their daughter. Nurses who examined the victim noted injuries to her vagina. In addition, the victim underwent mental health counseling.
 {¶ 20} Lastly, according to the victim, appellant was very manipulative. Appellant would cry and pretend to be upset to get sympathies. Once appellant had the victim's sympathy, he would make his advances toward her. Appellant told the victim that if she told anybody what he was doing, he would kill himself. Thus, the victim kept quiet for fear he would hurt himself if she told anybody.
 {¶ 21} Upon review, we find that the record supports the imposition of consecutive sentences. The record demonstrates the danger appellant poses to the public and community and the unusual harm caused to the victim.
 {¶ 22} Appellant's sole assignment of error is overruled.
 {¶ 23} The judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.